*Craddock, for appellee.*

---

## D. B. DUNLEVY & Co. *v.* J. B. O'BANNON & SON.

**Pleading—Petition on Merchants Account—Price of Goods—Agreement.**

The allegations, in a petition on a merchants account, that the debtor is indebted to him in the sum of fifty-five dollars for goods and merchandise sold and delivered by the plaintiff to the defendant, the particulars of which are set out in an account filed therewith imparts prima facie, that the price had also been agreed upon or that they were reasonably worth it, and must be deemed setting out a cause of action.

**Same—Averments in Answer Denied by Law.**

The answer averred that the tea was not of the quality authorized to be purchased by them and that they had offered to return it. Held, that this averment stands denied by law, nor is this deficit supplied by the offer in the answer to return it.

APPEAL FROM JEFFERSON CIRCUIT COURT. C. P.

January 13, 1869.

Opinion of the Court by Judge Williams:

The allegation that the appellees were indebted to appellants in the sum of three hundred and fifty-five dollars and fifty-two cents for goods and merchandise sold and delivered by the plaintiffs to the defendants the particulars of which are set out in an account filed herewith, impart *prima facie* that the price had also been agreed as charged or that they were reasonably worth it and must be deemed as setting out a cause of action, especially when the defendants instead of demurring answered and made an issue which was found against them.

The answer averred that the tea, which was sent by appellants to appellees at the instance of the agents of the latter, was not of the quality authorized to be purchased by them and that they had notified appellants thereof and offered to return the tea to them, but this averment stands denied by law and there was no proof of such notification or offer, nor is this deficit supplied by the offer in the answer again to return it. The verdict in appellant's favor on the first trial was right and the pleadings and proof, and no valid cause for a new trial being shown it was erroneous to set aside the judgment and verdict and grant a new trial.

A portion of Reinhart's deposition was suppressed on exceptions by appellees, before the trial but if any portion which had been suppressed were afterwards permitted to go to the jury the record shows no objection by appellees or exception thereto and after it had been permitted to go to the jury without objection and had been considered by them it was too late to ask a new trial by reason thereof.

As the court erred in setting aside the first judgment and verdict we need not examine the other alleged errors.

Wherefore, the last judgment is reversed with instructions to the court to set aside the order granting a new trial on the first judgment and transference.

*Brown*, for appellants.

*Hays*, for appellees.